FILED
 2014 Aug-22  PM 03:31
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JUANITA FAY SPRIGGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **5:13-cv-0215-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Juanita Fay Spriggs ("Spriggs") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I.  Procedural History

Spriggs, whose past relevant experience includes work as a production assembler, poultry worker, and egg packer, filed an application for Title II disability insurance benefits and Title XVI Supplemental Security Income on March 5, 2010, alleging an amended disability onset date of October 1, 2008, due to hepatitis C,

depression, and arthritis.  (R. 21, 171).  After the SSA denied Spriggs' claim, she requested a hearing before an ALJ.  (R. 107).  The ALJ subsequently denied Spriggs' claim, (R. 18-33), which became the final decision of the Commissioner when the Appeals Council refused to grant review.  (R. 1-6).  Spriggs then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*,

703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. §§  404.1520(a)-(g), 416.920(a)-(g).  Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

  (3)  whether the impairment meets or equals one listed by the Secretary;

  (4)  whether the claimant is unable to perform his or her past work; and

  (5)  whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

### IV. The ALJ's Decision

In performing the five step analysis, the ALJ found that Spriggs had not engaged in substantial gainful activity since October 1, 2008, and, therefore, met Step One. (R. 23). Next, the ALJ found that Spriggs satisfied Step Two because she suffered from the severe impairments of "chronic cervical pain, probably secondary to muscle tension versus degenerative disc disease; chronic low back pain, secondary to degenerative disc disease; anxiety disorder, not otherwise specified; learning disorder by history; [and] major depressive disorder, recurrent, moderate." *Id*. The ALJ then proceeded to the next step and found that Spriggs failed to satisfy Step Three because she "does not have an impairment or combination of impairments that meets or

medically equals one of the listed impairments." (R. 24).  Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Spriggs has the following residual functional capacity (RFC):

> She is restricted to performing light exertional work.  She can occasionally stoop but can never climb ladders, ropes, or scaffolds.  She should avoid concentrated exposure to extreme cold and to vibrations.  She should avoid all exposure to unprotected heights and to dangerous machinery.  She would have mild restriction of activities of daily living, mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace.  There is no evidence of any episodes of decompensation, each of an extended duration.  She is restricted to unskilled and low stress work.  She should have casual interaction with the general public, supervisors and coworkers.  She would be unable to work in close proximity to others because she would be easily distracted.  She would be moderately restricted in her ability to perform activities within a schedule and maintain proper attendance.

(R. 25).  In light of her RFC, the ALJ held that Spriggs "is unable to perform any past relevant work." (R. 31).  Lastly, in Step Five, the ALJ considered Spriggs' age, education, work experience,[1] and RFC, and determined "there are jobs that exist in significant numbers in the national economy [Spriggs] can perform." (R. 32).  Therefore, the ALJ found that Spriggs "has not been under a disability, as defined in the Social Security Act, from October 1, 2008, through the date of this decision." (R. 33).

---

[1] As of the date of the ALJ's decision, Spriggs was 43 years old, had a limited education, and past relevant medium semi-skilled work as a production assembler and poultry worker, and medium unskilled work as an egg packer  (R. 31).

V. Analysis

The court now turns to Spriggs' contentions that the ALJ erred by (1) rejecting the opinion of the SSA's consultative psychological examiner; (2) failing to recontact the consultative examiner; and (3) relying on the report of the State agency psychiatrist. *See* doc. 9 at 7-12. The court addresses each contention in turn.

A.      The ALJ properly evaluated the report from the consultative examiner.

Dr. John R. Haney, Ph.D., examined Spriggs on May 14, 2010, at the request of the SSA. (R. 292-93). In his report, Dr. Haney opined that Spriggs' "ability to function in most jobs appeared moderately to severely impaired due to her physical and emotional limitations." (R. 293). Spriggs contends this opinion establishes she is disabled, and that the ALJ erred in giving it little weight.

As a nontreating physician, Dr. Haney's opinion was not entitled to controlling weight under 20 C.F.R. § 404.1527(c)(2). Consequently, the ALJ had to consider several factors to determine the weight, if any, to give Dr. Haney's opinions. These factors include whether Dr. Haney (1) had examined Spriggs; (2) had a treating relationship with Spriggs; (3) presented medical evidence and explanation supporting the opinion; (4) provided an opinion that is consistent with the record as a whole; and (5) is a specialist. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Moreover, the ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983). Indeed,

even a treating physician's opinions, which are entitled to more deference than those of Dr. Haney, may be rejected if the ALJ has "good cause." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The ALJ considered these factors, and ultimately gave "little weight" to Dr. Haney's opinion. (R. 31). In reaching this decision, the ALJ provided multiple reasons–all of which are supported by substantial evidence– that constituted good cause for rejecting Dr. Haney's opinion. First, the ALJ properly considered that "Dr. Haney only examined [Spriggs] one time and has not had a treating relationship with [Spriggs]." *Id.* Next, consistent with the regulations, the ALJ noted that Dr. Haney "based his opinion in part on the claimant's physical limitations," but that as a psychologist, "any opinion by him regarding the claimant's physical limitations is well outside of his field of expertise." *Id.* Finally, the ALJ found that "the medical evidence of record does not show that the claimant has any more than moderate limitations resulting from her mental impairments," and referenced his earlier discussion "concerning [Spriggs'] daily activities and lack of treatment." *Id.*

A review of the ALJ's earlier discussion shows that the ALJ properly discounted Dr. Haney's opinion based on her reported daily activities and her record of sporadic treatment. For example, to support his finding that Spriggs' mental impairments cause only mild restrictions in her activities of daily living, the ALJ noted that Spriggs reported that her daily activities included "cooking, cleaning, and doing

laundry," that "she likes to draw, watch television, and 'mess with my flowers,'" and that Spriggs "reported driving and going outside two to three times a week."  (R. 29). Likewise, to support his finding that Spriggs had only mild difficulties in maintaining social functioning, the ALJ observed that Spriggs "reported that she gets along with authority figures 'O.K.' and she has never been released from a job because of problems getting along with other people."  *Id.*  Finally, to support his finding with respect to maintaining attention and concentration, the ALJ noted Spriggs reported that "she could follow written and spoken instructions."  *Id.*  These activities and abilities provide substantial evidence to support the ALJ's decision to give Dr. Haney's opinion little weight because an ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion."  *Bloodworth*, 703 F.2d at 1240.

Moreover, in assessing Spriggs' allegations of anxiety and depression, the ALJ noted that Spriggs was treated at the Community Free Clinic for complaints of depression and anxiety from 2006 through 2008, and that she reported on October 28, 2008 "that she was sleeping better, her depression had improved, and she was feeling better."  (R. 27-28).  Significantly, the ALJ observed that Spriggs "did not return to the Community Free Clinic for further treatment," and noted that the record shows "no further treatment for, nor complaint of, any type of mental problems" until Dr. Haney's consultative evaluation in May 2010.  (R. 28).  The ALJ also observed that following Dr. Haney's evaluation, Spriggs sought no further treatment until she saw

Dr. Jay T. Pohl at Hartselle Family Medicine in December 2010 for complaints of a history of depression and anxiety attacks. *Id.* The ALJ remarked that Spriggs saw Dr. Pohl only twice, and that on both visits Dr. Pohl's psychological examinations were normal and that he found Spriggs "was not anxious and had a normal affect." *Id.* Based on a review of the record, the court finds that the ALJ properly relied on Spriggs' sporadic treatment history to discount Dr. Haney's opinion. *See Petteway v. Comm'r of Soc. Sec.*, 353 F..App'x 287, 290 (11th Cir. 2009) (good cause exists to reject a medical opinion when the record shows infrequent medical visits). Moreover, Dr. Pohl's findings of a normal affect with no anxiety shows that the evidence does not bolster Dr. Haney's opinion, which also provides good cause for rejecting it. *See Lewis,* 125 F.3d at 1440.

      B.     <u>The ALJ was not required to recontact Dr. Haney</u>.

Spriggs contends next that if the ALJ had concerns about Dr. Haney's examination, "it was incumbent on him to recontact Dr. Haney for clarification." Doc. 9 at 11. Unfortunately, Spriggs' contention misses the mark because the regulation cited by Spriggs only requires the ALJ to contact the examiner if "the report is inadequate or incomplete." 20 C.F.R. §§ 404.1519p, 416.919p. Here, Spriggs has not made the requisite showing of inadequate or incompleteness. Accordingly, her contention is without merit. Alternatively, Spriggs' contention misses the mark because she has not shown how the ALJ's failure to contact Dr. Haney resulted in an

unfair proceeding or clear prejudice. Before remanding for further development of the record, a reviewing court must consider "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir.1982) (quoting *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. Unit A July 1981). Spriggs has not established the requisite prejudice because there are no evidentiary gaps in the record that prevented the ALJ from making a conclusive determination regarding her disability. Therefore, remand for development of the record is not required.

    C.    <u>The ALJ did not err by relying on the report of the State agency psychiatrist</u>.

Finally, Spriggs contends that the ALJ improperly relied on the report of Dr. Robert Estock, the State agency reviewing psychiatrist. Doc. 9 at 11. However, the record does not support Spriggs' contention. In fact, an ALJ must consider the findings of a State agency medical consultant, who is considered an expert, and must explain the weight given to such findings in the same way as with other medical sources. *See* 20 C.F.R. § 416.927(e)(2). Consistent with the regulations, the ALJ gave Dr. Estock's opinion "more weight" than Dr. Haney's opinion and explained his reasons:

> I find that greater weight should be accorded to the opinion of Dr. Robert Estock, the psychiatrist, who reviewed the evidence at the initial consideration level. Dr. Estock reviewed the report of Dr. Haney and other medical records as well and the documents submitted by the claimant pursuant to her application and concluded that the claimant has

10


>   no more than moderate limitations in the mental residual functional capacity assessment completed by him (Exhibit 7F).

(R. 31).

Contrary to Spriggs' contention, the ALJ committed no error because an ALJ "may rely on opinions of nonexamining sources when they do not conflict with those of examining sources," *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. 2008) (citing *Edwards v. Sullivan*, 937 F.2d 580, 584–85 (11th Cir.1991).  There is no conflict here because the ALJ did not rely on Dr. Estock's report to reject the opinion of Dr. Haney, but rather set forth independent reasons supported by substantial evidence to support that decision.  *See supra* Section V.A.  Therefore, the court finds the ALJ did not give excessive weight to Dr. Estock's opinions.

### VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Spriggs is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination.  Therefore, the Commissioner's final decision is **AFFIRMED**.  A separate order in accordance with the memorandum of decision will be entered.

**DONE** this 22nd day of August, 2014.

/s/ Abdul Kallon
_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE